*Gazlay, Y. & R., for appellee.*

---

JOHN PERRY *v*. HARDIN HUNTER.

**Trusts—Liability of Trust Property for Debts.**

Where land is devised for the benefit of the testator's son and the son's wife and children, the chancellor has no power to subject the land to the payment of the son's debts, or its proceeds or product, unless there should be a surplus of the product or actual increase after supporting the son and his wife and children.

**Parties—Suit to Subject Trust Property to Payment of Debts.**

In an action to subject land devised to the testator's son, wife and children for their support, to the payment of the son's debts, the wife and children should also be made defendants.

APPEAL FROM JESSAMINE CIRCUIT COURT.

June 7, 1873.

OPINION BY JUDGE PRYOR:

The property sold by the sheriff was certainly liable to the lien of the landlord and therefore Hunter, under whose execution it was sold, acted properly in paying it, and particularly when it was sold with this agreement, as the return of the sheriff, although informal, clearly shows. It is clear from the will of John Perry, deceased, that the wife and children of his son, John Perry, Jr., were entitled as beneficiaries in conjunction with their father to the care and products of the seventy-five acres of the land for their support and maintenance. This land was devised for that purpose and the chancellor has no power to subject the land to the payment of John Perry's

debts or its proceeds or products unless there should be a surplus of the products or actual increase left after supporting the family. The wife and children should have been made defendants to the action and the action referred to a commissioner. If it appears by his report that there is anything left at the end of each year after supporting the family, as provided in the will, it can be applied to the payment of this debt. The judgment is reversed and cause remanded for further proceedings consistent herewith.

*Menaugh*, for appellant.

*Anderson*, for appellee.